**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VICTOR J. ALLEN,**

               **Plaintiff,**               1:09-cv-678
                                                                      (GLS/RFT)

               **v.**

**TOWN OF BETHLEHEM, et al.,**

               **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Victor J. Allen
Pro Se
70 Central Avenue
Apt 3E
Albany, NY 12206

**FOR THE DEFENDANTS:**
*Town of Bethlehem, Bethlehem PD,*
*VanAmburgh, Young and Coecliare*
Bailey, Kelleher Law Firm           AARON E. CONNOR, ESQ.
Pine West Plaza 5                   NANNETTE R. KELLEHER, ESQ.
Suite 507
Washington Avenue Extension
Albany, NY 12205

*City of Albany, Albany PD, Basile,*
*Carey and Delano*
City of Albany Corporation Counsel    JOHN JOSEPH REILLY, ESQ.
City Hall                                  WILLIAM G. KELLY, ESQ.
24 Eagle Street
Albany, NY 12207

*NYS Division of Parole*
*and Rockenstyre*

| | |
|---|---|
| HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>Albany Office<br>The Capitol<br>Albany, NY 12224 | DEAN J. HIGGINS<br>Assistant Attorney General |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Victor J. Allen commenced this action pursuant to 42 U.S.C. § 1983, alleging defendants[1] violated his constitutional rights. (*See* Am. Compl., Dkt. No. 28.) Pending are defendants' unopposed motions for summary judgment. (*See* Dkt. Nos. 62, 65, 66.) For the reasons that follow, defendants' motions are granted.

### II. Background[2]

On April 18, 2009, defendant David A. Cooperider appeared at the Bethlehem Police Department after he received a phone call from plaintiff Victor J. Allen. (Albany Defs.' Statement of Material Facts ("SMF") ¶ 1, Dkt.

---

[1] Town of Bethlehem, Bethlehem Police Department, P.O. Ryan VanAmburgh, P.O. Young, Sgt. Coecliare (collectively "Bethlehem Defendants"); City of Albany, Albany Police Department, Christopher Basile, Matthew Carey and Michael Delano (collectively "Albany Defendants"); New York State Division of Parole and Laurie Rockenstyre (collectively "NYS Defendants"); and David A. Cooperider and Stephanie A. Lindley.

[2] The facts are undisputed unless otherwise noted.

2

No. 65, Attach. 2.)  Cooperider told defendant Ryan VanAmburgh, a Bethlehem police officer, that Allen threatened to kill him and his girlfriend, defendant Stephanie Lindley, with a gun if they did not return Allen's property.  (*See id.* ¶ 2; Bethlehem Defs.' SMF ¶ 20, Dkt. No. 64, Attach. 2.)  These allegations, which were reduced to writing in the form of a sworn statement and a misdemeanor complaint, were forwarded to Town Court Judge Ryan Donovan.  (*See* Albany Defs*.*' SMF ¶¶ 3-5.)   After finding them facially sufficient, Judge Donovan issued an arrest warrant for Allen.  (*See id.* ¶¶ 5-6.)  With the warrant in hand, VanAmburgh and his colleague, Officer Young, requested the assistance of the Albany Police Department in locating and arresting Allen.  (Bethlehem Defs.' SMF ¶ 22.)

Allen, a parolee under the supervision of defendant parole officer Laurie Rockenstyre, was located at his home at 29 Maiden Lane in Albany, New York.  (Bethlehem Defs.' SMF ¶ 22; Albany Defs.' SMF ¶ 16; NYS Defs.' SMF ¶ 1-3, Dkt. No. 66, Attach. 2.)  Upon arriving at his apartment, Albany Police Officers Carey and Basile, both of whom are defendants in this case, knocked on Allen's door and informed him of their identities. (Bethlehem Defs.' SMF ¶ 23; Albany Defs.' SMF ¶¶ 28-30.)  Allen opened the door and exited his apartment; after being informed of Cooperider's

3

complaint, he was placed under arrest and searched. (Albany Defs.' SMF ¶¶ 31-35.)

Allen did not resist the arrest, but became upset when the officers refused to take his cell phones as they, according to Allen, contained proof that he did not make the threatening phone call. (*See id.* ¶¶ 36-38.) Though Allen repeatedly requested that they take the phones, the only property removed from the apartment were Allen's keys and coat. (Albany Defs.' SMF ¶¶ 42-43.) Following his arrest, Allen was transferred to the custody of the Bethlehem officers and transported to Bethlehem Town Court for arraignment in front of Judge Donovan. (Bethlehem Defs.' ¶¶ 26-27.) He was subsequently remanded to the Albany County Jail. (*See id.* ¶ 28.)

In addition to the charges in Bethlehem Town Court, Allen's arrest triggered an independent investigation by Rockenstyre, an employee of defendant New York State Division of Parole, to determine if a parole violation occurred. (NYS Defs.' SMF ¶¶ 1, 13-17.) Rockenstyre's investigation uncovered numerous parole violations. (*Id.* ¶¶ 20, 28.) On the basis of these violations, and statements made by Cooperider and Lindley, Rockenstyre obtained a parole warrant and served Allen with it on

4

April 23, 2009.  (*Id.* ¶¶ 25-28.)  While Allen was not initially detained under the parole warrant, his guilty plea to five of the parole violations—and not the aggravated harassment charge[3]—served as the basis for the fifteen month term of imprisonment which followed his arrest.  (*See id.* ¶¶ 34-38.)

Allen now alleges fourteen causes of action against defendants, eleven of which rely on the theory of municipal liability.[4]  (*See* Am. Compl. ¶¶ 22-36.)  The remaining claims allege, *inter alia*, malicious prosecution by defendants Cooperider, Lindley, Rockenstyre and the Division of Parole. (*See id.* ¶¶ 32-35.)

### III.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  When evaluating the material facts, the

---

[3] Notably, the aggravated harassment charge was dismissed as a result of Cooperider's failure to cooperate.  (Bethlehem Defs.' SMF ¶ 34.)

[4] Although not explicitly worded as such, Allen's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth causes of action each begin with the following phrase: "[d]ue to the policies and customs of."  (*See* Am. Compl. ¶¶ 22-31.)  His fifteenth cause of action also states "[d]ue to the Town of Bethlehem's Policymaker's failure" in its opening sentence.  (*See id.* ¶ 36.)

5

court "construes all evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in [its] favor." *Amore v. Novarro*, 624 F.3d 522, 529 (2d Cir. 2010). Thus, the movant must demonstrate the absence of genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999), a burden it can meet "if [it] can point to an absence of evidence to support an essential element of the nonmoving party's claim," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

    If the movant satisfies its burden, the nonmoving party must offer specific evidence showing that a genuine issue of material fact warrants a trial. *See Celotex*, 477 U.S. at 324. "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted). Moreover, material disputes must be based on specific facts as reflected in the adverse party's response, by affidavits or as otherwise authorized by Rule 56, *see St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000), and affidavits must be based on personal knowledge, *see Harriscom Svenska, AB v. Harris Corp.*,

6

3 F.3d 576, 581 (2d Cir. 1993). The bald assertion of some alleged factual dispute will not defeat a properly supported motion. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (citation omitted). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Naturally, reasonable inferences may defeat a summary judgment motion, but only when they are supported by affirmative facts and relevant, admissible evidence. *See* Fed. R. Civ. P. 56(c)(4); *Spinelli v. City of New York*, 579 F.3d 160, 166-67 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

## IV. Discussion

Defendants[5] assert multiple grounds in support of their motions for summary judgment, including a lack of personal involvement, Allen's failure to prove the requisite elements of his causes of action, and qualified immunity. (*See generally* Dkt. Nos. 62, 63, 64, 65, 66.) Although given

---

[5] All of the defendants, with the exception of Cooperider and Lindley, joined motions for summary judgment. (*See* Dkt. Nos. 62, 65, 66.) Indeed, to date, Cooperider and Lindley have neither appeared in this action, nor been served with notice of it. Thus, pursuant Fed. R. Civ. P. 4(m), Allen's claims against Cooperider and Lindley are dismissed.

ample opportunity to respond—and placed on notice of the consequences of failing to do so—Allen did not file a response to any of defendants' motions. (*See* Dkt. No. 66, Attach. 1.) On the basis of the record before it, the court concludes that summary judgment is warranted.

## A. <u>Municipal Liability</u>

While Allen's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth and fifteenth causes of action discuss different actions or inactions by the individual defendants, the gravamen of each of these claims is that the "policies and customs of the" Town of Bethlehem, the City of Albany and/or the Division of Parole were responsible for the alleged constitutional violations. (*See* Am. Compl. ¶¶ 22-31, 36.) Even if the individual defendants acted impermissibly, their conduct, standing alone, is insufficient to establish municipal liability.

A municipality may be liable under section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). To establish a municipal policy or custom, a plaintiff must allege:

8

> (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees.

*Prowisor v. Bon–Ton, Inc.*, 426 F. Supp. 2d 165, 174 (S.D.N.Y. 2006) (citation omitted). However, a municipality and its supervisory officials may not be held liable under section 1983 based on the theory of *respondeat superior*. *See Monell*, 436 U.S. at 691. Moreover, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citations omitted); *see also City of Canton v. Harris*, 489 U.S. 378, 387 (1989). Still, a policy may be inferred from circumstantial proof that the municipality displayed a deliberate indifference to the constitutional rights of an individual by failing to train its employees or repeatedly failing to make any meaningful investigation into complaints of constitutional violations after receiving notice. *See Ricciuti*, 941 F.2d at 123.

In the instant case, there is no evidence—either direct or circumstantial—to support any of Allen's municipal liability claims. *See Prowisor*, 426 F. Supp. 2d at 174.  Conversely, defendants have provided undisputed proof that not only negates Allen's conclusory allegations, (*see generally* Dkt. Nos. 62, 63, 64, 65, 66), but also shifts the burden to Allen to "offer specific evidence showing that a genuine issue of material fact warrants a trial."  *See Celotex*, 477 U.S. at 323-24.  Notwithstanding Allen's failure to respond, the court concludes that Allen's claims are meritless, and thus defendants' motions are granted with respect to the municipal liability causes of action.

## B.     Malicious Prosecution

Allen's twelfth cause of action alleges malicious prosecution against the Division of Parole.[6]  (*See* Am. Compl. ¶ 33.)  However, this claim is also lacking.  To establish a claim for malicious prosecution, the plaintiff must prove that: "(1) the defendant commenced a criminal proceeding against him; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime

---

[6] The thirteenth cause of action also alleges malicious prosecution, but this claim focuses on the conduct of Cooperider, Lindley, and Bethlehem Town Court A.D.A. Mergus, an unnamed defendant in this action.  Because the court lacks jurisdiction over all of these parties, Allen's thirteenth cause of action is dismissed.

charged; and (4) the defendant acted with actual malice." *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994) (internal citation omitted). In the instant case, Allen's guilty plea to the charges brought by the Division of Parole is not a favorable outcome. (*See* NYS Defs.' SMF ¶¶ 34-38.) Stated another way, Allen cannot prove the proceeding ended in his favor, and thus his malicious prosecution claim is unsustainable. *See Cook*, 41 F.3d at 79.

In sum, the court concludes there is no evidence to support any of Allen's claims.[7] While bald assertions may be enough to survive a motion to dismiss, Allen's failure to develop the record is fatal when considered in light of defendants' properly substantiated motions. As such, defendants' motions for summary judgment are granted.[8]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that pursuant to Fed. R. Civ. P. 4(m), all claims against

---

[7] It is unclear from Allen's Amended Complaint whether he has alleged fourteen or fifteen causes of action as the Amended Complaint skips from a thirteenth cause of action to a fifteenth cause of action. (*See* Am. Compl. ¶¶ 34-36.) To the extent Allen sought to plead a fourteenth cause of action for intentional and negligent infliction of emotional distress, contained in paragraph 35 of his Amended Complaint, this claim also fails as there is no support for it in the record. (*See id.* ¶ 35.)

[8] At the request of the parties, all of the cross-claims are dismissed as well. (*See* Dkt. No. 64, Attach. 1 at 17; Dkt. No. 65, Attach. 3 at 13; Dkt. No. 66, Attach. 8 at 11.)

defendants Cooperider and Lindley are **DISMISSED**; and it is further

**ORDERED** that defendants' motions for summary judgment (Dkt. Nos. 62, 65, 66) are **GRANTED** and all claims against defendants are **DISMISSED**; and it is further

**ORDERED** that all cross-claims are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

December 5, 2011
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge